UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America      :
                              :
     v.                       :      File No. 1:90-CR-41
                              :
Paul Gracey                   :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 74 and 84)

Defendant Paul Gracey has moved the Court to correct his sentence in light of the U.S. Supreme Court's ruling in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). (Paper 74). Although Gracey initially filed his motion pursuant to Fed. R. Crim. P. 35, he has since consented to having his motion construed as a habeas corpus petition brought pursuant to 28 U.S.C. § 2255. (Paper 78). The government has opposed the motion, arguing that Gracey is out of time and that the case law upon which Gracey relies is not retroactive. (Paper 83). For the reasons set forth below, I agree with the government and recommend that Gracey's § 2255 motion be DENIED. I also DENY Gracey's motion to reconsider the denials of his requests for appointment of counsel (Paper 84).

Factual Background

After entering a plea of guilty, Gracey was convicted in 1991 on one count of possession of a firearm

by a previously convicted felon in violation of 18 U.S.C.

§ 922(g)(1).   In August of that year he was sentenced to

137 months in prison, to be followed by a three-year term

of supervised release.   Gracey now argues that his

sentence was enhanced beyond "the maximum" in violation

of the Supreme Court's holding in <u>Blakely</u>.

Discussion

I.   <u>Custody</u>

   The first issue raised by the government is whether

Gracey is "in custody" as required by § 2255.   Gracey is

currently serving a State of Vermont sentence, and is not

in federal custody.   The government reports that a

detainer has been filed to secure Gracey's custody upon

completion of his state sentence so that he may serve a

consecutive federal sentence arising from a supervised

release violation.   Gracey's supervised release was part

of his original 1991 sentence.

   In <u>Peyton v. Rowe</u>, 391 U.S. 54, 64-65 (1968), the

Supreme Court determined that a person is "in custody"

for purposes of federal habeas corpus "if any consecutive

sentence they are scheduled to serve was imposed as the

result of the deprivation of constitutional rights."

Courts have since applied the <u>Peyton</u> holding to § 2255

specifically.  <u>See</u>, <u>e.g.</u>, <u>Jackson v. United States</u>, 423

F.2d 1146, 1149 (8th Cir. 1970); <u>Collins v. United States</u>,

418 F. Supp. 577, 579-80 (E.D.N.Y. 1976).  Because Gracey

is due to serve a consecutive federal sentence that arose

out of this Court's allegedly unconstitutional actions,

the Court should consider him to be "in custody" for

purposes of § 2255.

II.  <u>Retroactivity</u>

     Gracey seeks relief under <u>Blakely</u> with respect to

his 1991 federal sentence.  The Supreme Court did not

apply the <u>Blakely</u> holding to the Federal Sentencing

Guidelines, however, until its decision in <u>United States</u>

<u>v. Booker</u>, 125 S. Ct. 738 (2005).  In <u>Booker</u>, the Supreme

Court held that the Guidelines "violated the Sixth

Amendment to the extent that they allowed the maximum

sentence authorized by a guilty plea or a verdict to be

increased based on findings of fact (other than the fact

of a prior conviction) made by the judge."  <u>Guzman v.</u>

<u>United States</u>, 404 F.3d 139, 141 (2d Cir. 2005) (citing

<u>Booker</u>, 125 S. Ct. at 755-56).

     The Second Circuit has held that <u>Booker</u> does not

apply retroactively to cases on collateral review that
became final prior to the Booker decision.  Id. at 144.
Specifically, in Guzman, the Second Circuit determined
that although Booker established a new rule of
constitutional law, the rule was procedural rather than
substantive.  Id. at 141-42.  Guzman further held that
the rule announced in Booker did not establish a
"watershed rule 'implicating the fundamental fairness and
accuracy of the criminal proceedings,'" and thus could
not be applied retroactively.  Id. at 142-43 (quoting
Schriro v. Summerlin, 124 S. Ct. 2519, 2523 (2004)).

     Consequently, the law in this Circuit is that
Booker is not retroactive, "i.e., it does not apply to
cases on collateral review where the defendant's
conviction was final as of January 12, 2005, the date
that Booker was issued."  Id. at 144.  Similarly, courts
in this Circuit have uniformly held that Blakely, which
was decided in 2004, may not be applied retroactively.
See Green v. United States, 397 F.3d 101, 103 (2d Cir.
2005) ("[N]either Booker nor Blakely apply retroactively
to [petitioner's] collateral challenge" for purposes of
second or successive motion); Carmona v. United States,

4

390 F.3d 200, 202 (2d Cir. 2004) (the Supreme Court has

yet to make <u>Blakely</u> retroactive on collateral review);

<u>see</u> <u>also</u> <u>Steele v. United States</u>, 2005 WL 704868, at *16

n. 18 (S.D.N.Y. Mar. 29, 2005); <u>Nnebe v. United States</u>,

2005 WL 427534, at *9 (S.D.N.Y. Feb. 22, 2005).

In this case, Gracey's conviction and sentence

became final in 1991, long prior to the Supreme Court's

decisions in <u>Booker</u> and <u>Blakely</u>.  Because the law in this

Circuit bars retroactive application of those decisions,

Gracey's sentence should not be changed.  I therefore

recommend that his § 2255 motion be DENIED.

III.   <u>Appointment of Counsel</u>

Gracey has moved the Court to reconsider its denials

of his motions for appointment of counsel (Paper 84).  In

his reconsideration motion, Gracey cites the fact that

his initial motion to correct his sentence was drafted

with the assistance of a Kentucky inmate with whom Gracey

no longer has contact.  Gracey also claims that he has

been diagnosed with Attention Deficit Disorder and is

taking "anti-psychotic medication."

Notwithstanding these facts, Gracey's motion to

correct his sentence presents a discrete legal issue that

requires little in the way of either legal research or factual presentation.  Moreover, because the courts in this Circuit have recently determined that <u>Blakely</u> and <u>Booker</u> are not retroactive, Gracey's underlying motion is without merit.  His motion for reconsideration (Paper 84) is, therefore, DENIED.

Conclusion

For the reasons set forth above, I recommend that Gracey's motion to correct his sentence (Paper 74), construed as a motion filed pursuant to 28 U.S.C. § 2255, be DENIED.  Gracey's motion to reconsider (Paper 84) his requests for appointed counsel is DENIED.

Dated at Burlington, in the District of Vermont, this 14th day of June, 2005.

<u>/s/ Jerome J. Niedermeier</u>
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).